J-A15014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DWAYNE HILL :
:
Appellant : No. 1917 EDA 2020

Appeal from the PCRA Order Entered September 23, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0505682-1990

BEFORE: BOWES, J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.: **FILED AUGUST 18, 2021**

Dwayne Hill appeals from the September 23, 2020 order that dismissed his serial petition for relief pursuant to the Post-Conviction Relief Act ("PCRA"). Upon review, we agree with the PCRA court's conclusion that Appellant's petition is untimely. Thus, we affirm.

The facts of this case have been summarized by this Court, as follows:

On February 12, 1990, at approximately 7:20 p.m., Appellant and an accomplice, armed with a sawed-off shotgun, entered the Joong Park Market at 2734 West Allegheny Avenue in the City of Philadelphia and ordered the store owner to open his cash register. When the victim failed to comply quickly enough, the two men shot and killed the store owner and then fled on foot. About an hour later, after another attempted armed robbery in the same neighborhood, police arrested both Appellant and his confederate, James Davis.

[O]n October 8, 1991, a jury convicted Appellant of second-degree murder, robbery, conspiracy, and possessing an instrument of crime ("PIC"). The trial court . . . sentenced him to a mandatory life sentence for murder with concurrent terms of two to ten years

imprisonment for conspiracy and one to two years incarceration for PIC.

*Commonwealth v. Hill*, 37 A.3d 1245 (Pa.Super. 2011) (unpublished memorandum at 1). On March 10, 1993, this Court affirmed Appellant's judgment of sentence. *See Commonwealth v. Hill*, 628 A.2d 451 (Pa.Super. 1993) (unpublished memorandum). Appellant did not petition for allowance of appeal to the Pennsylvania Supreme Court. Thus, his judgment of sentence became final pursuant to the PCRA on April 9, 1993.[1]

Thereafter, Appellant filed a succession of unsuccessful PCRA petitions. Most recently, this Court affirmed the denial of Appellant's eighth PCRA petition on the basis that it was untimely filed. *See Commonwealth v. Hill*, 203 A.3d 292 (Pa.Super. 2018) (unpublished memorandum at 2), *appeal denied*, 216 A.3d 227 (Pa. 2019). While his most-recent petition for discretionary review in the Supreme Court was pending, Appellant filed a motion for appointment of counsel and a supplemental PCRA petition.

After the Supreme Court denied Appellant's request, the PCRA court provided notice of its intent to dismiss these filings as untimely without a hearing pursuant to Pa.R.Crim.P. 907. Appellant submitted a timely amended PCRA petition, which forms the basis for this appeal.[2] Therein, Appellant

---

[1] *See* 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a).

[2] At the time that Appellant submitted the supplemental filings noted above, his eighth PCRA petition was still under appellate review before the
*(Footnote Continued Next Page)*

asserted two grounds for relief pursuant to **Brady v. Maryland**, 373 U.S. 83 (1963) and claimed that the Commonwealth: (1) suppressed evidence of a malfunctioning firearm at his trial; and (2) "withheld notice of aggravating circumstances."[3]  **See** Amended PCRA Petition, 7/23/20, at 1-4.  On August

_____

Pennsylvania Supreme Court.  "[A] PCRA trial court cannot entertain a new PCRA petition when a prior petition is still under review on appeal." **Commonwealth v. Porter**, 35 A.3d 4, 14 (Pa. 2012).  However, "this holding will not preclude a trial court from granting leave to amend a PCRA petition that is currently pending before that court." **Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000), _overruled on separate grounds_, **Commonwealth v. Small**, 238 A.3d 1267, 1286 (Pa. 2020) (disavowing the public record presumption in the context of PCRA timeliness).  While Appellant's initial filings were premature, the subsequent amended petition was timely filed after allowance of appeal was denied.  **See Commonwealth v. Wharton**, 886 A.2d 1120, 1125 n.7 (Pa. 2005).

[3]  Appellant's unseasonable PCRA filing contained allegations that the records documenting Appellant's participation in various drug treatment programs constituted "newly discovered evidence" pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).  **See** Supplemental PCRA Petition, 1/30/19, at 1-2.  Appellant abandoned this claim in his brief.  Thus, this issue is waived.  **See Commonwealth v. Heggins**, 809 A.2d 908, 912 n.2 (Pa.Super. 2002).

Appellant also raised a potential layered ineffective assistance of counsel claim in a separate filing.  **See** Amended PCRA Petition, 7/23/20, at ¶ 19.  Appellant mentions this issue in passing in his brief.  **See** Appellant's brief at 9.  To the extent that this issue was not included in the statement of the issues that appears in Appellant's brief, it is waived.  **See** Pa.R.A.P. 2116(a) ("No question will be considered unless it is stated in the statement of questions involved or is fairly suggested thereby.").  Moreover, Appellant offers nothing more than a bare assertion of ineffectiveness.  "To prove counsel's ineffectiveness, appellant must demonstrate: (1) the underlying claim has arguable merit; (2) counsel's performance lacked a reasonable basis; and (3) the ineffectiveness of counsel caused him prejudice." **Commonwealth v. Williams**, 899 A.2d 1060, 1063 (Pa. 2006).  This oversight is fatal to the merits of these claims as Appellant has failed to satisfy any of the requisite factors.  **Id**. ("Failure to address any prong of the test will defeat an ineffectiveness claim.").

28, 2020, Appellant filed a motion for discovery requesting various materials from the Commonwealth. On September 23, 2020, Appellant's ninth PCRA petition was dismissed. Appellant filed a timely notice of appeal to this Court. The PCRA court did not direct Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b) and he did not file one. The PCRA court filed an opinion pursuant to Rule 1925(a). This case is now ripe for our disposition.

Appellant has raised the following issues for our review:[4]

I. Whether the PCRA court erred in denying [Appellant's] petition as untimely when he established that the government officials interfered with the presentation of his claims by failing to turn over impeachment and exculpatory evidence in violation of ***Brady*** within the plain language of the timeliness exception.

    a. The Commonwealth withheld the notice of the aggravating circumstances.

    b. The Commonwealth withheld evidence of a defect in the firearm that was exculpatory.

II. Whether the PCRA court erred in failing to issue dismissal notice to [Appellant's] amended PCRA petition.

III. Whether the PCRA court erred and/or abused its discretion when it ruled on the merits of [Appellant's] petition without first deciding his discovery request.

Appellant's brief at 1 (issues reordered).

_____

[4] The Commonwealth filed an untimely brief in this case. Accordingly, we have not considered it in our adjudication of this appeal. Appellant filed an application to strike the brief on timeliness grounds. ***See*** Application to Strike, 6/21/21, at 1-2. That motion is hereby denied as moot. Appellant also filed a separate application for relief seeking relief from his obligation to file a "responsive pleading" to the Commonwealth's brief. ***See*** Application for Relief, 7/6/21, at 1-2. This motion is similarly denied as moot.

Before assessing the merits of these issues, we must determine whether Appellant's PCRA petition was timely filed. *See Commonwealth v. Davis*, 86 A.3d 883, 887 (Pa.Super. 2014) ("[T]he PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition.[]"). The PCRA provides as follows as to timeliness:

> Any petition [filed pursuant to the PCRA], including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States . . . .

42 Pa.C.S. § 9545(b)(1). Furthermore, any petition invoking an exception to this one-year time bar "shall be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Appellant has invoked the "governmental interference" exception. A PCRA petitioner asserting the applicability of § 9545(b)(1)(i) in the context of an alleged *Brady* violation must plead and prove that the "information" upon which the claim is based was "not previously known to the petitioner and could not have been ascertained through due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008) (citing *Breakiron*, *supra* at 98).

Appellant's substantive claims for relief rest entirely upon expert testimony and filings from the Commonwealth that were presented at his trial. Yet, Appellant has not presented any argument or evidence that addresses

the issue of due diligence. He offers no explanation as to why he could not have discovered this information and raised these matters at an earlier juncture. Thus, Appellant has failed to plead sufficient jurisdictional facts that, if proven, would establish that he acted with due diligence. ***Abu-Jamal***, ***supra*** at 1270. We discern no error of law or abuse of discretion in the PCRA court's dismissal of Appellant's petition.

We will also briefly address Appellant's two remaining procedural claims. "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 347 (Pa.Super. 2017).

Appellant's second claim challenges the PCRA court's issuance of notice pursuant to Rule 907(1), which provides as follows:

> [T]he judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa.R.Crim.P. 907(1). While Appellant concedes that the PCRA court's initial Rule 907 notice was proper, he claims that the "entire process" should have

- 6 -

begun anew after he submitted an amended petition. *See* Appellant's brief at 4-5 ("The PCRA [c]ourt was required to file a new dismissal notice[.]").

Even assuming, *arguendo*, that the PCRA court should have filed a second notice of dismissal pursuant to Rule 907(1), no relief would be due. *See Commonwealth v. Zeigler*, 148 A.3d 849, 852 (Pa.Super. 2016) ("[T]he failure to issue Rule 907 notice is not reversible error where the record is clear that the petition is untimely."). As set forth above, Appellant's petition is patently untimely. Accordingly, no relief is due.[5]

Appellant's third claim involves his request for discovery that sought the disclosure of: (1) any "reports, notes, or memoranda" prepared by the Commonwealth; (2) all "reports and notes reflecting the examination, analysis, and testing performed on the firearm in this case;" (3) the "Commonwealth's notice of aggravating circumstances;" and (4) any "reports, notes or memoranda" prepared by the assistant district attorney previously assigned to his case. Motion for Discovery, 8/28/20, at ¶ 5(a)-(d). Appellant asserts that his "substantive and procedural due process rights were violated when the PCRA [c]ourt dismissed his petition without addressing his discovery request." Appellant's brief at 7. We disagree.

---

[5] Appellant had a full and fair opportunity to respond and file an amended PCRA petition following his receipt of the PCRA court's Rule 907 Notice. *See* Appellant's brief at 4 ("[T]hirteen days after the PCRA [c]ourt's notice, defendant amended his PCRA petition to address the defects.").

While the PCRA court did not explicitly issue a ruling on Appellant's discovery motion, we will construe its dismissal of Appellant's petition as a denial of that request. In the context of the PCRA, "no discovery shall be permitted at any stage of the proceedings, except upon leave of court after a showing of exceptional circumstances." Pa.R.Crim.P. 902(E)(1). Our review leads us to conclude that Appellant's request for discovery "merely sought to assess the accuracy of the Commonwealth's trial evidence." ***See Commonwealth v. Roney***, 79 A.3d 595, 612 (Pa. 2013). Appellant did not assert how this evidence would have helped to establish either the timeliness of his petition or the merits of his claims. Rather, these discovery requests were "entirely speculative" and, consequently, did not "constitute good cause for further discovery." ***Id***. No relief is due.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2021